AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States Courts
Southern District of Texas
FILED
*March 07, 2025*
Nathan Ochsner, Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Juan Rene OLVERA-Pecina | ) | Case No. 4:25-mj-129 |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **December 25, 2024** in the county of **Harris** in the **Southern** District of **Texas**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326 (a) and (b) | a native and citizen of Mexico, and an alien who had been previously deported from the United States, subsequent to having been convicted of a crime defined as a felony, was found unlawfully in the United States at Houston, Texas, the said defendant having not obtained the consent before March 2003 from the Attorney General of the United States to reapply for admission into the United States; and without having obtained corresponding consent after February 2003 from the Secretary of Homeland Security pursuant to 6 U.S.C. §§ 202(3) and (4) and 6 U.S.C. § 557, |

This criminal complaint is based on these facts:

See Attached Affidavit in support of the Criminal Complaint

☐ Continued on the attached sheet.

*Complainant's signature*

Stacey M. Owens, HSI Special Agent
*Printed name and title*

Sworn to me telephonically.

Date: 03/07/2025

*Judge's signature*

City and state: Houston, TX

Yvonne Y. Ho, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Stacey Owens, being duly sworn by telephone, hereby depose and say:

(1)     I am a Special Agent with the United States Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI). I have been employed with ICE since October 2008, and working as a Special Agent since December 2011. Prior to my employment with HSI, I was an Immigration Enforcement Agent, and a Customs and Border Protection Officer. During this time, I have been involved in investigations and apprehension of persons involved in human smuggling, the trafficking of narcotics, the proceeds from narcotics and human smuggling, bulk cash smuggling, and other financial crimes. In addition, I have conducted follow up investigations concerning the concealment of drug produced assets, money, bank records, etc., and the identification of co-conspirators through ledgers, telephone bills, records, photographs, and bank checks, as related to drug trafficking and money laundering.

(2)     On March 7, 2025, at approximately 0533 hours, OLVERA-Pecina, Juan Rene was arrested by ICE. The Defendant also goes by the alias(s) of Noe Francisco PEREZ-Vazquez.

(3)     The Defendant's fingerprints have been taken and electronically submitted to various law enforcement databases. According to the Integrated Automated Fingerprint Identification System (IAFIS), the Defendant is the same individual as the person referred to in this Affidavit as having been previously convicted and deported.

(4)     Based upon the information from ICE's records as described below, and my training and experience, I submit that there is probable cause to believe that the Defendant is in violation of 8 U.S.C. § 1326(a) and (b).

(5)     <u>Element One</u>:  The Defendant is a citizen and national of Mexico and not a native, citizen or national of the United States.

(6)     <u>Element Two</u>:  The Defendant has previously been deported or removed from the United States on the following occasion(s):

    a. April 29, 2010
    b. April 29, 2005
    c. November 10, 2004
    d. May 17, 1999

(7)    <u>Element Three</u>:  After deportation, the Defendant was subsequently found in the United States on December 25, 2024, in Houston, Harris County, Texas, which is within the Houston Division of the Southern District of Texas.  Additionally, I consulted with ICE's Law Enforcement Support Center ("LESC") to determine whether, in the past five years and after the Defendant's last deportation, the Defendant had been encountered by law enforcement prior to the date specified earlier in this paragraph.  On March 7, 2025, the LESC advised me that it had no record of such an encounter.

(8)    <u>Element Four</u>:  The Defendant did not have permission to re-enter the United States.  On March 7, 2025, I reviewed the contents of the Alien File associated with this Defendant and/or available database information.  I found no indication that the Defendant has ever received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security, to apply for admission to the United States following deportation from the United States.  I have requested certification of this fact from the Records Branch of the Immigration Service.

(9)    <u>Prior Criminal History / Gang Affiliation</u>.  The Defendant has the following prior criminal history and/or gang affiliation:

  a. On December 25, 2024, the defendant was arrested for the crime of Driving Under Influence Liquor which resulted in a conviction on March 05, 2025, and was sentenced to 70 days confinement.

  b. On October 02, 2009, the Defendant was arrested for the crime of Illegal Re-Entry (INA SEC.101(a)(43)(O), 8USC1326 only) which resulted in a conviction and was sentenced to 18 months confinement.

  c. On June 16, 2008, the Defendant was arrested for the crime of Driving Under Influence Liquor which resulted in a conviction on October 03, 2008 and was sentenced to 1 year confinement.

  d. On April 27, 2005, the Defendant was arrested for Illegal Re-Entry (INA SEC.101(a)(43)(O), 8USC1326 only) which resulted in a conviction and was sentenced to 1 year confinement.

  e. On October 04, 2004, the Defendant was arrested for the crime of Driving Under Influence Liquor which resulted in a conviction on October 5, 2004, and was sentenced to 30 days confinement.

    f. On May 17, 1999, the Defendant was arrested for the crime of Immigration (Possess of Fraud Immigration Docs) which resulted in a conviction and was sentenced to 90 days confinement.

On March 7, 2025, I contacted the U.S. Attorney's Office, Southern District of Texas, Houston Division, concerning this criminal complaint. On or about that day, Assistant U.S. Attorney Anthony R. Franklyn (713) 567-9331 accepted this case for prosecution for a violation of 8 U.S.C. § 1326(a) and (b).

_____
Stacey M. Owens, Special Agent
United States Department of Homeland Security
Homeland Security Investigations

Signed and sworn telephonically before me this 7th day of March, 2025, and I find probable cause.

_____
Yvonne Y. Ho
United States Magistrate Judge
Southern District of Texas